## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### *Miami Division*

Case No. _____ - Civil

BAPTIST HEALTH SOUTH FLORIDA, INC.
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

        Plaintiff,

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation; SCPIE MANAGEMENT
COMPANY, a foreign for profit corporation;
AMERICAN HEALTHCARE INDEMNITY
COMPANY, a foreign profit corporation,

        Defendants.

_____/

## NOTICE OF REMOVAL

Defendant(s), SCPIE MANAGEGMENT SERVICES, INC., SCPIE INDEMNITY

COMPANY, SCPIE INSURANCE SERVICES, INC., SCPIE MANAGEMENT COMPANY,

AMERICAN HEALTH CARE INDEMNITY, pursuant to 28 U.S.C. § 1441 removes that action

now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County,

Florida, Case No. 08-06863 CA 08, styled *Baptist Health South Florida, Inc. f/k/a Baptist Health*

*Systems of South Florida, Inc. v. SCPIE Management Services, Inc., et. al.,* (hereinafter

:44575-1

"Defendants") wherein Plaintiff demands judgment against Defendants, and respectfully shows unto this Honorable Court as follows:

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

2.     This is a civil action brought by Plaintiff Baptist Health South Florida, Inc.("Baptist Health) seeking to recover damages against Defendants in excess of $75,000.00, plus interest, costs and attorney's fees.

3.     At all times material to this action, Plaintiff was a Florida non-profit corporation authorized to do business in Miami-Dade County, Florida. (Complaint ¶ 2).

4.     At all times material to this action, Defendants SCPIE MANAGEMENT SERVICES, INC., SCPIE MANAGEMENT COMPANY, INC., SCPIE INDEMNITY COMPANY, and SCPIE INSURANCE SERVICES, INC. were foreign corporations with their principal places of business in Los Angeles, California.   Defendant AMERICAN HEALTHCARE INDEMNITY COMPANY, is a Delaware Corporation with its principal place of business in Los Angeles, California.  At no time material to this action were Defendants or Plaintiff residents of or citizens of the same state; therefore, complete diversity exists between the parties in accord with 28 U.S.C. § 1332.

5.     This action was commenced in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and the State of Florida Department of Insurance served all Defendants on April 25, 2003.

6.     The matter in controversy herein exceeds $75,000.00, exclusive of interest, costs and attorney's fees. The affidavit of counsel, Matthew L. Litsky, Esquire is submitted on behalf of all Defendants as Exhibit "1" in support of this Notice of Removal, and the affidavit of Donald P. Newell, Senior Vice President, of all SCIPE Defendants and AMERICAN

HEALTHCARE INDEMNITY COMPANY is submitted as Exhibit "2" in support of this Notice of Removal.

     7.     Copies of all process, pleadings, and orders served upon Defendants filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, and such other papers that are exhibits as required by 28 U.S.C. § 1446 and local court rules, are filed herein. (See composite Exhibit "3".)

     8.     Pursuant to 28 U.S.C. § 1446(d), Defendants have written notice to all adverse parties and have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. (A copy of the Notice of Removal to Opposing Counsel is attached hereto as Exhibit "4"; a copy of the Certification of Notice of Removal is attached hereto as Exhibit "5".)

     WHEREFORE, Defendants, SCPIE MANAGEGMENT SERVICES, INC., SCPIE INDEMNITY COMPANY, SCPIE INSURANCE SERVICES, INC., SCPIE MANAGEMENT COMPANY, and AMERICAN HEALTH CARE INDEMNITY, respectfully submit this matter to this Court's jurisdiction.

Respectfully submitted,

PHELPS DUNBAR, L.L.P.

MATTHEW L. LITSKY, ESQ.
Florida Bar No. 0992194
PHELPS DUNBAR L.L.P.
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Ph.:813/472-7550
Fax:813/472-7570
Attorney for Defendants

:44575-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail this __14__ day of May, 2003, to: Richard Cole, Esq., Cole, Scott & Kissane, P.A., 1390 Brickell Avenue, 3rd Floor, Miami, Florida 33131.

Matthew L. Litsky, Esquire

:44575-1

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 03-06863 CA 08

BAPTIST HEALTH SOUTH FLORIDA, INC.
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

             Plaintiff,

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation;SCPIE MANAGEMENT
COMPANY, INC., a foreign for profit
corporation, ; AMERICAN HEALTHCARE
INDEMNITY COMPANY, a foreign for profit
corporation,

             Defendants.

_____/

### CIVIL ACTION SUMMONS (AMENDED)

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

    **AMERICAN HEALTHCARE INDEMNITY COMPANY**
    **c/o Chief Financial Officer, Registered Agent**
    **Department of Financial Services**
    **200 E. Gaines Street**
    **Tallahassee, FL 32399-0000**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, to wit:

    **Richard P. Cole, Esq.**
    **COLE, SCOTT & KISSANE, P.A.**
    **1390 Brickell Avenue, 3rd Floor**
    **Miami, Florida  33131**
    **Telephone #: (305) 350-5300**
    **Facsimile #:  (305) 3373-2294**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____**APR 2 3 2003**_____

    HARVEY RUVIN
    As Clerk of Said Court
    By:_____
           As Deputy Clerk

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

BAPTIST HEALTH SOUTH FLORIDA, INC.          03-06863 CA 08
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

        Plaintiff,

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation;SCPIE MANAGEMENT
COMPANY, a foreign for profit corporation;
AMERICAN HEALTHCARE INDEMNITY
COMPANY, a foreign for profit corporation,

        Defendants.

_____/

## COMPLAINT

Plaintiff, BAPTIST HEALTH SOUTH FLORIDA, INC., f/k/a BAPTIST HEALTH

SYSTEMS OF SOUTH FLORIDA, INC. (hereinafter "Plaintiff Baptist"), a Florida non profit

corporation, by and through its undersigned counsel, hereby files this Complaint against

Defendants, SCPIE MANAGEMENT SERVICES, INC., a foreign for profit corporation;

SCPIE INDEMNITY COMPANY, a foreign for profit corporation; SCPIE INSURANCE

SERVICES, INC., a foreign for profit corporation; SCPIE MANAGEMENT COMPANY,

INC.; and AMERICAN HEALTHCARE INDEMNITY COMPANY, a foreign for profit

CASE NO.:_____

corporation a foreign for profit corporation (hereinafter "Defendants"), and alleges as follows:

### Parties and Jurisdiction

1.      This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest and costs.

2.      Plaintiff, BAPTIST HEALTH SOUTH FLORIDA, INC. f/k/a BAPTIST HEALTH SYSTEMS OF SOUTH FLORIDA, INC. (hereinafter "Baptist"), is a Florida non profit corporation authorized to do business in Miami-Dade County, Florida.

3.      At all material times hereto, Defendant, AMERICAN HEALTHCARE INDEMNITY COMPANY, was a foreign corporation doing business in Miami-Dade County, Florida.

4.      At all material times hereto, Defendant, SCPIE MANAGEMENT SERVICES, INC., was a foreign corporation doing business in Miami-Dade County, Florida.

5.      At all material times hereto, Defendant, SCPIE MANAGEMENT COMPANY, INC., was a foreign corporation doing business in Miami-Dade County, Florida.

6.      At all material times hereto, Defendant, SCPIE INDEMNITY COMPANY, was a foreign corporation doing business in Miami-Dade County, Florida.

7.      At all material times hereto, Defendant, SCPIE INSURANCE SERVICES, INC., was a foreign corporation doing business in Miami-Dade County, Florida.

8.      At all material times hereto, Plaintiff Baptist has been, *inter alia*, a hospital business located in Miami-Dade County, Florida.

9.      At all material times, all of the Defendants in this lawsuit, and other potential Defendants not ascertainable at this time, have been, *inter alia*, in the business of

CASE NO.:_____

providing comprehensive hospital liability insurance to companies such as Plaintiff Baptist
in Miami-Dade County, Florida.

      10.    Jurisdiction and venue are both proper in Miami-Dade County, Florida, as the
transactions between Plaintiff Baptist and all of the Defendants took place in Miami-Dade
County, Florida, and the breaches of contract and/or other acts complained of more fully
below occurred by virtue of the Defendants' failure to perform services and/or provide
insurance coverage and/or defense costs for losses which occurred in Miami-Dade County,
Florida.

      11.    As a direct and proximate result of the actions and/or inactions of the
Defendants more particularly described herein, Plaintiff Baptist has had to hire the
undersigned attorneys and has agreed to pay them a reasonable fee for their services and
to pay or reimburse them for costs incurred in the prosecution of this action.

### Factual Background/General Allegations

      12.    Plaintiff Baptist is the owner of a number of hospitals located in Miami-Dade
County, Florida.

      13.    On or about October 1, 1996, Defendants provided comprehensive hospital
liability insurance to Plaintiff Baptist, where Defendants' insurance companies were going
to enter into an arrangement with Reliance Insurance Company of Illinois, Inc. (hereinafter
"Reliance").

      14.    Reliance, at all material times hereto, was a company authorized by Florida's
laws to write insurance in the State of Florida.

CASE NO.:_____

15.     At all material times hereto, Defendants were the *defacto* insurance companies of Plaintiff Baptist by and through Reliance's (hereinafter "Reliance") insurance policy number NPB1412190.

16.     Reliance is only the technical writer of the insurance policy at issue in this lawsuit, and fronted the subject insurance policy so that SCPIE could become the actual insurer of the risks more fully described in the insurance policy.

17.     At all material times hereto, Defendants fully reinsured all risks outlined in the subject Reliance insurance policy.

18.     At all material times hereto, Defendants reinsured Reliance to assume the obligations of the subject Reliance policy and to pay on behalf of Plaintiff Baptist all such sums as said Plaintiff may become liable to pay.

19.     From October 1, 1996, until sometime in October of 2001, Defendants, in connection with and through its employees, handled claims, authorized settlements, authorized defense counsel hired by one or more of the Defendants to defend Plaintiff Baptist to take requested action, collected premiums paid directly by Plaintiff Baptist, paid defense attorneys to represent Plaintiff Baptist and its hospitals as a result of claims and lawsuits filed against them pursuant to the Defendants' insurance contract mentioned *infra*, and communicated with defense counsel hired by Defendants as a part of the tripartite relationship between the insurer-insured-defense counsel.

20.     At some point in October of 2001, Defendants notified Plaintiff Baptist that they would no longer honor their obligations as Plaintiff Baptist's insurers, and ceased all of the activities alleged in ¶ 19 of this Complaint.

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305)373-2294 FAX

CASE NO.: _____

21. As a part of this denial of benefits pursuant to the insurance policy mentioned *infra*, Defendant, SCPIE MANAGEMENT SERVICES, INC. (hereinafter "SMS"), claimed that it served as a Third-Party Administrator on certain claims submitted to Reliance pursuant to a claims service agreement between Reliance Insurance Company of Illinois and SMS.

22. As a result of the allegations mentioned *infra*, Plaintiff Baptist acquired a direct right of action against the Defendants in order to recover the proceeds under this fronting/reinsurance agreement between Reliance and Defendants, where Reliance was only charging Defendants a fee to use Reliance fronted insurance policies, and where Defendants acted as indemnitors, sureties, and contractors entering into insurance contracts with Plaintiff Baptist.

23. The Defendants sustained a significant monetary windfall as a result of the Common Court of Pennsylvania's Order of Liquidation, and the Defendants continue to sustain a significant monetary windfall as a result of the Common Court of Pennsylvania's Order of Liquidation.

24. At all material times hereto, the Defendants entered into one or more reinsurance agreements with Reliance with the intended effect of this reinsurance agreement to benefit Plaintiff Baptist.

25. Plaintiff does not have a copy of the applicable reinsurance agreement to attach to this Complaint; however, Defendants' actions as stated *infra*, show Defendants' intent to ultimately benefit Plaintiff Baptist by and through the reinsurance agreement and any other agreements not ascertainable at this time between Reliance and the Defendants.

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305) 373-2294 FAX

CASE NO.: _____

26.    Defendants wrongfully denied coverage, costs, claims handling, and/or all benefits under the Reliance fronted policy of insurance.

27.    All conditions precedent to maintaining this action have been performed, waived, or excused.

## COUNT I
## BREACH OF CONTRACT

Plaintiff Baptist sues Defendants, and realleges the allegations in ¶¶ 1 though 27 as stated above as if fully set forth herein, and further alleges:

28.    Defendants offered to provide comprehensive hospital liability insurance for Plaintiff Baptist.

29.    Plaintiff Baptist accepted the terms of Defendants' offer to provide comprehensive hospital liability insurance for Plaintiff Baptist.

30.    Plaintiff Baptist tendered premium payments to Defendants in consideration for an insurance contract.

31.    Plaintiff Baptist complied with all of the provisions of this insurance contract.

32.    Defendants accepted Plaintiff Baptist's premium payments for this insurance contract.

33.    At some point in October of 2001, the Defendants breached this insurance contract by failing to honor the terms of said insurance contract.

34.    Despite Plaintiff Baptist's demands, Defendants have failed and refused to honor the terms of the insurance contract, and further effectively deny the existence of an insurance contract between the Defendants and Plaintiff Baptist.

35.    As a result of the Defendants' breach of this insurance contract, Plaintiff sustained and continues to sustain significant damages.

-6-

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305) 373-2294 FAX

CASE NO.: _____

WHEREFORE, Plaintiff Baptist demands judgment for damages against Defendants, together with interest, costs and attorney's fees pursuant to Fla. Stat. § 627.428, and any other relief this Court deems just and proper.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF AUTHORITY**

Plaintiff Baptist sues the Defendants, and realleges the allegations in ¶¶ 1 though 27 as stated above as if fully set forth herein, and further alleges:

36.    Defendants breached their implied warranties of authority to issue and/or provide insurance coverage, as more particularly described above, from or through Reliance, the insurance fronting company, and as a direct and proximate result thereof, Plaintiff Baptist has suffered and will continue to suffer significant damages.

37.    As a direct and proximate result of their breach of their implied warranties of authority and wrongful acts, Plaintiff Baptist has been forced to file the instant lawsuit and to intervene in Reliance's liquidation in order to determine whether the subject insurance policy is in effect or is an asset of the Reliance liquidation, which makes it necessary for Plaintiff Baptist to incur expenses to protect its interests, and as a result thereof, Plaintiff Baptist has incurred and will continue to incur costs and expenses, including attorneys' fees in litigating this case and is entitled to recover same from Defendants as special or consequential damages.

38.    At all materials times hereto, Defendants were "insurer[s]" as contemplated and defined by the Florida legislature in Fla. Stat. § 627.428 (2001), and/or is estopped from denying that they are "insurer[s]" within the meaning of Fla. Stat. § 627.428 (2001), and Plaintiff is entitled to an award of attorneys' fees thereunder in the event it is the prevailing party pursuant to statute.

-7-

**COLE, SCOTT & KISSANE, P.A.**
PACIFIC NATIONAL BANK BUILDING - 1390 BRICKELL AVENUE - THIRD FLOOR - MIAMI, FLORIDA 33131 - (305) 350-5300 - (305)373-2294 FAX

CASE NO.: _____

**WHEREFORE,** Plaintiff Baptist demands judgment for damages against Defendants, together with prejudgment interests, costs and attorneys' fees pursuant to Fla. Stat. § 627.428, and any other relief as this Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

39.     Plaintiff Baptist sues the Defendants, and realleges the allegations in ¶¶ 1 through 27, as stated above as if fully set forth herein, and further alleges:

40.     This is a claim for declaratory relief pursuant to Florida Statute 86.011, with regard to rights which have value in excess of $15,000.00.

41.     Plaintiff Baptist and its hospitals have multiple claims and lawsuits pending against them where the Defendants are obligated to provide coverage, a defense, and other obligations pursuant to the applicable insurance contract.

42.     Defendants have denied all of the benefits owed to Plaintiff Baptist and its hospitals pursuant to the applicable insurance contract.

43.     Plaintiff Baptist seeks a declaration of the parties' rights and duties with respect to the applicable insurance contract. Due to the Defendants' refusal to acknowledge its obligations to honor the applicable insurance contract, there is a clear and present controversy between Plaintiff Baptist and the Defendants on this issue. There is also a controversy as to whether the Commonwealth of Pennsylvania Court's Order placing Reliance Insurance Company of Illinois into liquidation justifies SCPIE's blatant denial of benefits under the applicable insurance contract.

44.     Plaintiff Baptist is presently in doubt as to how it may proceed to receive the benefits it contracted for with the Defendants in light of this denial of benefits.

-8-
COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305)373-2294 FAX

CASE NO.:_____

45.    Accordingly, there is a present and real need for this Court's declaration ordering and declaring the respective rights of the parties to this lawsuit.

46.    Plaintiff Baptist has been obligated to retain the undersigned counsel in connection with this matter and is obligated to pay said counsel a reasonable fee for services rendered.

47.    Pursuant to the provisions of Florida Statute § 627.428, the Plaintiff is entitled to attorneys' fees in this matter, if the Plaintiff is the prevailing party.

**WHEREFORE**, Plaintiff Baptist respectfully requests a declaratory judgment against Defendants pursuant to Florida Statute 86.011 *et. seq.*, which:

(A)    Declares the rights, obligations, and the legal relationships of the parties;

(B)    Specifies that the Defendants are obligated to honor the applicable insurance contract;

(C)    Declare that Reliance's Liquidation Order does apply to the Defendants;

(D)    Declare that Reliance's Liquidation Order does not justify Defendants complete denial of any and/or all policy benefits to Plaintiff Baptist pursuant to the applicable insurance contract;

(E)    Grants to Plaintiff Baptist all costs associated herein, including, but not limited to, reasonable attorneys' fees; and

(F)    Grant such other relief as this Honorable Court deems just and proper.

-9-

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING - 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 - (305)373-3294 FAX

05-07-03 07:33A P.14
1 212 261 8750 P.14/37
FAX NO. : 2105515916
MENDES & MOUNT
MAY-08-2003 11:48
FROM : 5

CASE NO.: _____

## COUNT IV
## FRAUD

Plaintiff Baptist sues the Defendant, realleges the allegations in ¶¶ 1 through 27, as state above as if fully set forth herein, and further alleges:

46.    Defendants represented to Plaintiff Baptist, defense counsel hired by Defendants to defend Plaintiff Baptist and its hospitals pursuant to the applicable insurance contract, and other third parties not readily ascertainable at this time, that the Defendants were the insurers of Plaintiff Baptist.

47.    Plaintiff Baptist reasonably relied upon Defendants' representation(s) to abide by the terms of the applicable insurance contract to provide all of the benefits pursuant to the applicable insurance contract.

48.    Defendants represented to Plaintiff Baptist that they were the insurer(s) of Plaintiff Baptist and its hospitals on numerous occasions prior to entering into the applicable insurance contract and prior to denying benefits owed to Plaintiff Baptist pursuant to the applicable insurance contract.

49.    Defendants further represented to Plaintiff Baptist on numerous occasions that Reliance would not be providing the benefits under the applicable insurance contract and that Reliance was only necessary so that Defendants could insure Plaintiff Baptist, as Defendants were not authorized at that time to write insurance policies in the State of Florida.

50.    Plaintiff Baptist further relied on the Defendants' BEST rating in its determination to choose Defendants as its insurer. This BEST rating is a figure used to measure the financial viability and reserves of an insurance company, and this figure lured Plaintiff Baptist to contract with Defendants for Insurance.

-10-

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING - 1390 BRICKELL AVENUE - THIRD FLOOR - MIAMI, FLORIDA 33131 - (305) 350-5500 - (305)373-2294 FAX

51.     Plaintiff Baptist also relied upon Defendants' representations made prior to entering into the applicable insurance contract that Reliance was only a fronting insurance company authorized to write insurance, where Defendants were not authorized to write this insurance at that time in Florida, and that Defendants would be the insurer in fact of Plaintiff Baptist. Plaintiff Baptist's understanding was that Reliance would only receive a fee for this arrangement and that Defendants would completely reinsure the policies written by Reliance.

52.     At some point in October of 2001, after Reliance was ordered into liquidation, Defendants denied all benefits owed to Plaintiff Baptist pursuant to the applicable insurance contract.

53.     As a result of these material misrepresentations by Defendants, Plaintiff Baptist was induced and reasonably relied upon said representations to its detriment as it did not take any additional action to secure another insurer and paid substantial premiums directly to Defendants.

54.     Defendants knew or should have known that the aforementioned representations were false when made to Plaintiff Baptist and that said representations would induce Plaintiff Baptist to refrain from taking any additional action to secure appropriate insurance and/or insurance with another insurance carrier, and to pay the substantial premiums directly to Defendants.

55.     But for the misrepresentations set forth above, Plaintiff Baptist would have taken all additional action necessary to secure the appropriate insurance or another insurer, and would not have paid Defendants substantial premium payments for the applicable insurance contract.

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305)373-2294 FAX

FROM :                                              FAX NO. : 3185515916                                   MAY-08-2003  11:48
05-07-03  07:34A  P.16
1 212 261 8750  P.16/37
MENDES & MOUNT                                                            S

CASE NO.: _____

56.    As a direct and proximate result of the foregoing material misrepresentations; that Plaintiff Baptist reasonably and justifiably relied upon same; and was induced to not procure appropriate insurance, to enter into a contract with the Defendants, to tender premium payments to Defendants, Plaintiff has suffered and will continue to suffer significant direct and consequential damages.

57.    These damages include, but are not limited to, paying attorneys' fees and costs in connection with pending lawsuits against the Plaintiff, potentially funding settlements in connection with the aforementioned lawsuits, paying attorneys' fees to the undersigned in connection with prosecuting this lawsuit, and/or other compensatory damages.

**WHEREFORE**, Plaintiff Baptist demands judgment for compensatory and special damages against Defendants together with prejudgment interest, and costs; and any other relief as this Court deems just and proper.

## COUNT V
### ESTOPPEL

Plaintiff Baptist sues the Defendants, realleges the allegations in ¶¶ 1 through 27, above as if fully set forth herein, and further alleges:

58.    As a direct and proximate result of the misrepresentations of the Defendants, its agents, employees, representatives, officers and/or directors, and Plaintiff Baptist's detrimental reliance thereon, the Defendants are estopped to deny Plaintiff Baptist the benefits due under the applicable insurance contract and further estopped from claiming that they should be afforded the protections of the Commonwealth Court of Pennsylvania's Order of Liquidation with respect to Reliance.

-12-

CASE NO.:_____

59.    Defendants actions include, but are not limited to, admissions in correspondence from Defendants to defense counsel hired by Defendants to represent Plaintiff Baptist pursuant to the applicable insurance contract which indicate that Plaintiff Baptist is an insured of Defendant, authorizing the aforementioned defense counsel to settle cases, consistent communications between Defendants and Plaintiff Baptist's defense counsel with respect to the handling of Plaintiff Baptist's claims and lawsuits, and other acts to be determined in the future.

60.    Defendants further indicated to Plaintiff Baptist prior to entering into the applicable insurance contract that Reliance was only a fronting insurance company, whose sole obligation was to write the subject insurance policy, and that Defendants would be the insurer of fact of Plaintiff Baptist. Plaintiff Baptist's understanding was that Reliance's sole benefit from this arrangement and/or contract was to receive a fee and that Defendants would completely reinsure the subject insurance policy.

61.    Defendants are receiving a significant windfall from denying Plaintiff Baptist benefits under the applicable insurance contract and Plaintiff Baptist has been severely prejudiced and damaged as a result of Defendants' actions and/or inactions.

WHEREFORE, Plaintiff Baptist demands judgment for damages against Defendants, together with pre-judgment interest, costs and attorney's fees pursuant to Florida Statute §§57.105 and 627.428, and any other relief as this Court deems just and proper.

CASE NO.:_____

### Demand for Jury Trial

Plaintiff Baptist demands a trial by jury of all matters triable as a matter of right by jury.

COLE, SCOTT & KISSANE P.A.
Attorneys for Defendants
Pacific National Bank Building
1390 Brickell Avenue, Third Floor
Miami, Florida 33131
Tel: (305) 350-5300
Fax: (305) 373-2294

By: _____

RICHARD P. COLE
FBN: 186589

-14-

COLE, SCOTT & KISSANE, P.A.
PACIFIC NATIONAL BANK BUILDING · 1390 BRICKELL AVENUE · THIRD FLOOR · MIAMI, FLORIDA 33131 · (305) 350-5300 · (305)373-2294 FAX

# SERVICE OF PROCESS
## PACKING SLIP

PLEASE VERIFY THAT YOU HAVE RECEIVED A PACKET FOR EACH CASE LISTED FOR THIS PACKAGE. IF YOU HAVE QUESTIONS OR MISSING PACKETS, PLEASE CALL (850) 413-4200.

1 Packets enclosed for **CERTIFIED MAIL # 7002 2410 0005 6930 9167 DELIVERED TO:**

*ROBERT B TSCHUDY*
*AMERICAN HEALTHCARE SPECIALTY INS CO*
*1888 CENTURY PARK E, STE 800*
*LOS ANGELES, CA 90067-*



Initials:

| | Date Served | DOI-SOP# | Case # | Plaintiff | County | Court |
|---|---|---|---|---|---|---|
| | | *AMERICAN HEALTHCARE INDEMNITY COMPANY* | | | | |
| TSC | 4/25/2003 | 03-23053 | 03-06863 CA 08 | BAPTIST HEALTH SOUTH FLORIDA, | MIAMI-DADE | CIRCUIT COURT |

RECEIVED
APR 3 0 200?



Tom Gallagher
Chief Financial Officer                 DEPARTMENT OF FINANCIAL SERVICES

BAPTIST HEALTH SOUTH FLORIDA, INC.              CASE #:    03-06863 CA 08
f/k/a BAPTIST HEALTH SYSTEMS OF SOUTH           COURT:     CIRCUIT COURT
FLORIDA, INC., a Florida non profit corporation,   COUNTY:   MIAMI-DADE
                                                DOI-SOP#: 03-23053
PLAINTIFF(S),

VS.

SCPIE MANAGEMENT SERVICES, INC., a foreign
profit corporation; et al.

DEFENDANT(S).
_____/
CIVIL ACTION SUMMONS (AMENDED), COMPLAINT

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by  PROCESS SERVER
on the 23rd day of April, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer).  A copy of said process was  **SERVED by certified mail on the 25th day
of April, 03.**  from this office to:

     AMERICAN HEALTHCARE INDEMNITY COMPANY
     ROBERT B TSCHUDY
     AMERICAN HEALTHCARE SPECIALTY INS CO
     1888 CENTURY PARK E, STE 800
     LOS ANGELES CA 90067

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

                                                Tom Gallagher
                                                Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

     RICHARD P. COLE
     ERIC LARSON                                              TSC
     THIRD FLOOR
     1390 BRICKELL AVENUE
     MIAMI FL 33131

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 03-06863 CA 08

BAPTIST HEALTH SOUTH FLORIDA, INC,
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation.

                  Plaintiff,

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation; SCPIE MANAGEMENT
COMPANY, INC., a foreign for profit
corporation. ; AMERICAN HEALTHCARE
INDEMNITY COMPANY, a foreign for profit
corporation.

                  Defendants.

Srvd. 4/23/03 at 2:45 pm. by

K. Dugga    Kelly C. Duggar

Certified Process Service # 151

2nd Judicial Circuit of FL

### CIVIL ACTION SUMMONS (AMENDED)

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this
action on defendant:

        **AMERICAN HEALTHCARE INDEMNITY COMPANY**
        c/o Chief Financial Officer, Registered Agent
        Department of Financial Services
        200 E. Gaines Street
        Tallahassee, FL 32399-0080

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, to
wit:

        Richard P. Cole, Esq.
        COLE, SCOTT & KISSANE, P.A.
        1390 Brickell Avenue, 3rd Floor
        Miami, Florida  33131
        Telephone #: (305) 350-5300
        Facsimile #: (305) 3373-2294

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file
the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____ APR 2 3 2003 _____

                HARVEY RUVIN
                As Clerk of Said Court
                By: _____
                    As Deputy Clerk    7946

By: _____

Received this Summons _____, 2003, and served the same at _____ o'clock ___.m., on

_____, 2003, by delivering a true copy thereof with a copy of the Complaint or initial

pleading to:

**AMERICAN HEALTHCARE INDEMNITY COMPANY**
c/o Chief Financial Officer as Registered Agent
**Department of Financial Services**
**200 E. Gaines Street**
**Tallahassee, FL 32399-0000**

service of process for

**AMERICAN HEALTHCARE INDEMNITY COMPANY**
**1888 Century Park East, Suite 800**
**Los Angeles, CA 90067**

the within named Defendant    _____

Copy return _____    Sheriff of _____ County, Fla.

Service _____    by: _____

_____ Miles _____          Deputy Sheriff

05-07-03  07:58A  P.23
1 212 261 8750  P.23/37
3186513916  :ON XAJ
MENDES & MOUNT  TNUOM & SEDNEM
MAY-08-2003 11:48  84:11 E002-80-YAM
FROM: 5

# EXHIBIT4

**IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

BAPTIST HEALTH SOUTH FLORIDA, INC.
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

                Plaintiff,                      CASE NO.: 03-06863 CA 06

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation; SCPIE MANAGEMENT
COMPANY, a foreign for profit corporation;
AMERICAN HEALTHCARE INDEMNITY
COMPANY, a foreign profit corporation,

                Defendants.

_____/

## NOTICE OF REMOVAL TO OPPOSING COUNSEL

TO:    Richard P. Cole, Esquire
        Cole, Scott & Kissane, P.A.
        1390 Brickell Avenue, 3rd Floor
        Miami, Florida 33131

      **YOU ARE HEREBY NOTIFIED** that Defendants' *SCPIE MANAGEMENT*

*SERVICES, INC., a foreign profit corporation; SCPIE INDEMNITY COMPANY, a foreign*

*corporation; SCPIE INSURANCE SERVICES, INC., a foreign for profit corporation; SCPIE*

*MANAGEMENTCOMPANY, a foreign for profit corporation; AMERICAN HEALTHCARE*

:44587-1

*INDEMNITY COMPANY, a foreign profit corporation*, in the above-styled action in the Office of the Clerk of Circuit Court in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, its Notice of Removal to the United States District Court for the Southern District of Florida, Miami Division. **A copy of the Notice is attached hereto**. The removal of the above-styled action to the United States District Court for the Southern District of Florida has been effectuated hereby.

Please serve the undersigned with copies of all pleadings which may be filed by you in the United States District Court for the Southern District of Florida, pursuant to the removal of this cause and in accordance with the Federal Rules of Civil Procedure.


STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, this day personally appeared MATTHEW L. LITSKY, who, being by me first duly sworn, deposes and says:

1.  I am an attorney for the Defendant herein.

2.  On the _____ day of May, 2003, I enclosed a copy of the Notice of Removal, together with the copy of the foregoing Notice, in an envelope addressed to the opposing attorney. Said envelope was duly sealed, stamped and as so addressed was deposited in the United States Mail at Tampa, Florida, for transmission to the same address on the above-stated date.

Respectfully Submitted,

PHELPS DUNBAR, L.L.P.

MATTHEW L. LITSKY, ESQ.
Florida Bar No. 0992194
PHELPS DUNBAR L.L.P.
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Ph.: 813/472-7550
Fax: 813/472-7570
Attorney for Defendants

The foregoing was sworn to and acknowledged before me this _14_ day of May, 2003, by MATTHEW L. LITSKY, who is personally known to me.

NOTARY PUBLIC

My Commission Expires:



:44587-1

# EXHIBIT 5

**IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

BAPTIST HEALTH SOUTH FLORIDA, INC.
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

        Plaintiff,                        CASE NO.: 03-06863 CA 06

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation; SCPIE MANAGEMENT
COMPANY, a foreign for profit corporation;
AMERICAN HEALTHCARE INDEMNITY
COMPANY, a foreign profit corporation,

        Defendants.

_____/

## CERTIFICATION OF NOTICE OF REMOVAL

TO:    Harvey Ruvin
        Dade County Courthouse
        Room 135
        73 W. Flagler Street
        Miami, Florida 33130

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of Removal of Circuit Court Case No. 03-06863 CA 08, encaptioned *SCPIE MANAGEMENT*

*SERVICES, INC., a foreign profit corporation; SCPIE INDEMNITY COMPANY, a foreign*

*corporation; SCPIE INSURANCE SERVICES, INC., a foreign for profit corporation; SCPIE*

:44549-1

*MANAGEMENT COMPANY, a foreign for profit corporation; AMERICAN HEALTHCARE*

*INDEMNITY COMPANY, a foreign profit corporation,* to the United States District Court for the

Southern District of Florida, Miami Division.   A copy of the Notice of Removal is attached

hereto.

This 14th day of May, 2003.

PHELPS DUNBAR, L.L.P.

MATTHEW L. LITSKY, ESQ.
Florida Bar No. 0992194
PHELPS DUNBAR L.L.P.
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Ph.:813/472-7550
Fax:813/472-7570
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S.

Mail this *14* day of May, 2003, to: Richard Cole, Esq., Cole, Scott & Kissane, P.A., 1390

Brickell Avenue, 3rd Floor, Miami, Florida 33131.

Matthew L. Litsky, Esquire

:44549-1

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

BAPTIST HEALTH SOUTH FLORIDA, INC.
f/k/a BAPTIST HEALTH SYSTEMS OF
SOUTH FLORIDA, INC., a Florida non
profit corporation,

   Plaintiff,        CASE NO.: 03-06863 CA 06

vs.

SCPIE MANAGEMENT SERVICES, INC.,
a foreign profit corporation; SCPIE
INDEMNITY COMPANY, a foreign
corporation; SCPIE INSURANCE
SERVICES, INC., a foreign for profit
corporation; SCPIE MANAGEMENT
COMPANY, a foreign for profit corporation;
AMERICAN HEALTHCARE INDEMNITY
COMPANY, a foreign profit corporation,

   Defendants.

_____/

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

  You will please take notice that on May 14, 2003, Defendant(s) SCPIE MANAGEMENT

SERVICES, INC., a foreign profit corporation; SCPIE INDEMNITY COMPANY, a foreign

corporation; SCPIE INSURANCE SERVICES, INC., a foreign for profit corporation; SCPIE

MANAGEMENT COMPANY, a foreign for profit corporation; AMERICAN HEALTHCARE

INDEMNITY COMPANY, a foreign profit corporation ("SCPIE"), filed with the Clerk of the

United States District Court for the Southern District of Florida, Miami Division, 301 North

Miami Avenue, Miami, Florida 33128-7788, a Notice of Removal pursuant to 28 U.S.C. §§

:44580-1

1441-1452.  A copy of the Notice of Removal and Notice of Filing are attached hereto as Composite Exhibit "1" and are incorporated by reference.

SCPIE respectfully requests that this Court proceed no further with this action, unless and until this action is remanded to State Court.  Absent the entry of a remand order by the United States District Court for the Southern District of Florida, Miami Division, this Court is divested of jurisdiction in this case is thereby requested to stay all further proceedings in accordance with 28 U.S.C. §1446(d).

Specifically, this Court is presently without power or authority to enter any orders, conduct any hearings, or take any action with respect to this litigation.

You are further hereby notified that this Notice of Filing Notice of Removal incorporates by reference all of the requirements f 28 U.S.C. §1446.

Dated this 14th day of May, 2003.

PHELPS DUNBAR, L.L.P.

MATTHEW L. LITSKY, ESQ.
Florida Bar No. 0992194
PHELPS DUNBAR L.L.P.
100 S. Ashley Drive, Suite 1900
Tampa, FL 33602
Ph.:813/472-7550
Fax:813/472-7570
Attorney for Defendants

:44580-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S.

Mail this _14_ day of May, 2003, to: Richard Cole, Esq., Cole, Scott & Kissane, P.A., 1390

Brickell Avenue, 3rd Floor, Miami, Florida 33131.

Matthew L. Litsky, Esquire

:44580-1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BAPTIST HEALTH SOUTH FLORIDA, INC.,
F/k/a BAPTIST HEALTH SYSTEMS OF SOUTH
FLORIDA, INC., a Florida non profit corporation

## DEFENDANTS

03 - 21216

SCPIE MANAGEMENT SERVICES, INC., a foreign profit
Corporation

CIV-LENARD

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade 03-21216 CN DAC Simonton

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

MAGISTRATE JUDGE
SIMONTON

**(c)** ATTORNEYS (FIRM RICHARD P. COLE
COLE, SCOTT & KISSANE, P.A.
1390 Brickell Avenue, 3rd Floor, Miami, FL 33131
Phone (305) 350-5300, Fax (305) 373-2294

ATTORNEYS (IF KNOWN)  MATTHEW L. LITSKY
PHELPS DUNBAR, L.L.P.
100 South Ashley Drive, Suite 1900, Tampa, Florida 33602
Phone (813) 472-7550, Fax (813) 472-7570

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Tort Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1441 such that a Plaintiff has filed multiple claims against Defendants that are all diverse from the Plaintiff, and the amount in controversy exceeds $75,000.00 exclusive of costs and interest as required under 28 U.S.C. §1332.

LENGTH OF TRIAL
via   5   days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
Exceeds $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE  May 14, 2003

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 88244 /  AMOUNT $150.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____